**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3817-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICHARD A. SHEVCHENKO,

    Defendant-Appellant.

_____

Submitted January 24, 2022 – Decided January 31, 2022

Before Judges Sabatino, Mayer, and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Criminal Part, Cumberland County, Indictment No. 18-04-0310.

Joseph E. Krakora, Public Defender, attorney for appellant (Douglas Helman, Assistant Deputy Public Defender, of counsel and on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Kaila L. Diodati, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After a jury trial, defendant Richard A. Shevchenko was found guilty of second-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1). He was acquitted on two other counts of the indictment charging him with second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a)(1) and third-degree terroristic threats, N.J.S.A. 2C:12-3(b). The jury was hung on the remaining count charging him with third-degree unlawful possession of a weapon in an educational institution, N.J.S.A. 2C:39-5(e).

The court imposed on defendant a five-year sentence with a three-and-a-half-year parole disqualifier in accordance with the Graves Act, N.J.S.A. 2C:43-6. The sentence is not challenged on appeal.

Briefly summarized, the State presented evidence that after defendant's estranged wife, who had separated from him a year earlier, ignored his text messages, he drove to the school where she worked. According to the wife's account, defendant barged into her classroom, brandished a gun, and threatened to shoot her and her mother. He left the scene in his truck.

Other witnesses saw defendant in the school building, but no one witnessed the alleged encounter between defendant and his wife in the classroom. However, an outdoor surveillance camera at the school did record,

2

from a considerable distance, defendant parking his truck in a school lot, walking in and out of the building, and driving away.

The wife immediately spoke to a 9-1-1 operator and reported the incident. The 9-1-1 call, which lasted about four minutes, was played for the jury over defense counsel's objection.

Shortly after the 9-1-1 call, the police pulled over defendant's truck. During the stop, he appeared intoxicated, and a gun was found in the truck. He was brought to a police statement, where he failed a sobriety test. He was arrested and many hours later gave a statement to the police. During the course of that statement, defendant admitted possessing the gun without a permit. However, he denied possessing the gun for an unlawful purpose, bringing it into the school, and threatening his wife with it at the school.

In closing argument, the prosecutor suggested to the jury that the video footage was consistent with defendant getting out of his truck and then walking back to it to retrieve a gun before he entered the school building. Defendant objected to this interpretation of the video, causing the judge to instruct the jurors to form their own assessments of the footage.

On appeal, defendant raises the following points in his brief:

POINT I

THE MISTRIAL MOTION SHOULD HAVE BEEN
GRANTED BECAUSE THE PROSECUTOR
IMPROPERLY NARRATED THE SURVEILLANCE
VIDEO DURING SUMMATION, MAKING
ASSERTIONS ABOUT DEFENDANT'S
POSSESSION OF THE WEAPON THAT WERE NOT
BASED UPON THE EVIDENCE.

POINT II

THE 9-1-1 CALL, WHICH THE JUDGE NEVER
LISTENED TO BEFORE ITS ADMISSION, WAS
OVERLY PREJUDICIAL AND ENTIRELY
CUMULATIVE, WARRANTING REVERSAL OF
DEFENDANT'S CONVICTION.

We resolve this appeal in a simple and straightforward manner. Regardless of the contents of the 9-1-1 recording, the outdoor video footage, and the prosecutor's closing argument, the jury did not find defendant guilty of committing any offenses at the school. The jury acquitted him of those offenses and was hung on the remaining school-related count. The only count on which defendant was found guilty was his conceded possession of a gun in his truck without a required permit.

Hence, even if the issues raised in this appeal had merit, they don't matter to our disposition. A defendant cannot appeal an acquittal. State v. Ortiz, 202

N.J. Super. 233, 245 (App. Div. 1985).  R. 2:10-2 (requiring appellants to establish error that was harmful).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3817-18